OSCAR N. HARRIS AND EDDIE PAT DRAUGHON, PARTNERS D/B/A NATIONAL ESTATES v. JAMES W. LATTA AND GLADYS H. LATTA

No. 7816SC460

(Filed 20 March 1979)

**Vendor and Purchaser § 2— option to purchase—notice required**

Plaintiffs who gave defendants notice of their intent to exercise an option to purchase property on 15 January 1976 failed to comply with the notice requirement of the agreement which provided for notice "at least sixty (60) days prior to March 15, 1976," since the inclusion of the expression "at least" denoted sixty *full* days of notice *prior to* 15 March 1976, and that would have required plaintiffs to give notice of their intent to purchase no later than 14 January 1976.

Judge WEBB dissenting.

APPEAL by plaintiffs from *Hobgood, Judge.* Judgment entered 16 January 1978 in Superior Court, ROBESON County. Heard in the Court of Appeals 28 February 1979.

Plaintiffs brought this civil action seeking specific performance of an option to purchase certain land and improvements owned and leased to plaintiffs by defendants, which option was contained in the lease entered into by the parties 14 March 1974. Defendants declined to perform under the option agreement, contending that plaintiffs failed to give adequate notice of the exercise of the option under its terms. The trial court, at the close of plaintiffs' evidence, directed verdict in favor of defendants. From

---

---

judgment dismissing their action, plaintiffs appeal, assigning error to the entry of that judgment.

*Bryan, Jones, Johnson, Hunter & Greene, by James M. Johnson, for the plaintiffs.*

*Johnson and Johnson, by Sandra L. Johnson, for the defendants.*

MARTIN (Robert M.), Judge.

The only question this appeal presents is whether, on the undisputed evidence before him, the trial court correctly construed the notice requirement of the option agreement. That requirement specified that notice of intent to exercise the purchase option must be given to the lessors "at least sixty (60) days prior to March 15, 1976." Notice was given by plaintiffs to defendants on 15 January 1976.

We are of the opinion that this case presents a question of construction and does not require the promulgation of a new rule of law, despite the fact that no precedent on point is contained within our case law. We affirmed the ruling of the trial court, as it appears to us that the option, in specifying "at least sixty (60) days" notice, intended by the inclusion of the expression "at least" to denote sixty *full* days of notice *prior to* 15 March 1976. As A.D. 1976 was a leap year, that would have required plaintiffs to give notice of their intent to purchase the property under the option no later than midnight of 14 January 1976. We decline to decide what result might have been reached had the expression "at least" been absent from the agreement. Nor do we find it appropriate at this time to implement as a rule of contract law any analogies to election law questions presented in the cases cited by the parties. As the right to purchase property under an option agreement is a substantive property right, analogy to Rule 6(a) of the North Carolina Rules of Civil Procedure is inappropriate, as a procedural rule is always powerless to vest or divest a property right in a party. Accordingly, the ruling below is affirmed.

Affirmed.

Judge MITCHELL concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent. In this case the plaintiffs had an option to purchase real estate from the defendants. The option said:

"Said option shall be exercised by lessee giving written notice to lessors of his intent to purchase said leased property at least sixty (60) days prior to March 15, 1976."

All the evidence shows the plaintiffs gave written notice to defendants on the sixtieth day before 15 March 1976. I believe persons of ordinary understanding would say that day is sixty days before 15 March 1976 or sixty days prior to 15 March 1976. I do not believe the words mean that sixty full days had to elapse after the giving of notice in order for the notice to be timely given. The addition of the words "at least" merely means that the plaintiffs could have given notice of exercising the option earlier than sixty days before 15 March 1976.